IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

RICHARD E. TRICE,

    Plaintiff,

vs.

CO II ALTON MOBLEY; CO II ROBERT
MADSON; CO STRICKLAND, and
CO II JOHN DOE, a/k/a "Spark Plug",

    Defendants.

CIVIL ACTION NO.: CV207-051

## MAGISTRATE JUDGE'S ORDER and REPORT AND RECOMMENDATION

Plaintiff, an inmate presently incarcerated at the Federal Correctional Institution in Jesup, Georgia ("FCI Jesup"), filed an action pursuant to 42 U.S.C. § 1983 contesting certain conditions of his confinement while he was incarcerated at Georgia State Prison in Reidsville, Georgia. Plaintiff wishes to proceed in forma pauperis.

A prisoner proceeding in an action against officers or employees of government entities must comply with the mandates of the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915. 28 U.S.C. § 1915(g) of the PLRA provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

AO 72A
(Rev. 8/82)

A review of Plaintiff's history of filings reveals that he has brought at least three cases or appeals that were dismissed and count as strikes under § 1915(g): (1) Trice v. Mosley, 1:95CV100 (M.D. Ga. May 31, 1995[1]) (dismissed as frivolous); (2) Trice v. Sikes, 6:98CV35 (S.D. Ga. Aug. 11, 1998) (dismissed for failure to exhaust administrative remedies[2]); and (3) Trice v. Lanear, 4:94CV91 (N.D. Ga. June 13, 1994) (dismissed for failure to state a claim).

The Eleventh Circuit upheld the constitutionality of section 1915(g) in Rivera v. Allin, 144 F.3d 719 (11th Cir. 1998). In so doing, the Court concluded that section 1915(g) does not violate an inmate's rights to access to the courts, to due process of law, or to equal protection, or the doctrine of separation of powers. Id. at 721-27. Because Plaintiff has filed three previously dismissed cases or appeals which qualify as strikes under section 1915(g), Plaintiff may not proceed in forma pauperis in this action unless he can demonstrate that he meets the "imminent danger of serious physical injury" exception to § 1915(g).

Plaintiff cannot claim that he should be excused from prepaying the filing fee because of the "imminent danger of serious physical injury" exception to § 1915(g). In order to come within the imminent danger exception, the inmate must be in imminent danger at the time he files suit in district court, not at the time of the alleged incident that serves as the basis for the complaint. Medberry v. Butler, 185 F.3d 1189, 1193 (11th Cir. 1999). As noted by the Court, "a prisoner's allegation that he faced imminent danger

---

[1] Actions dismissed prior to the PLRA's enactment date count as strikes under § 1915(g). Rivera v. Allin, 144 F.3d 719 (11th Cir. 1998).

[2] Dismissal of a prior suit for failure to exhaust administrative remedies counts as a strike under § 1915(g). Rivera v. Allin, 144 F.3d 719, 731 (11th Cir. 1998).

2

sometime in the past is an insufficient basis to allow him to proceed in forma pauperis pursuant to the imminent danger exception to the statute." Id. at 1193.

In his Complaint, Plaintiff alleges that on May 13, 2005, while he incarcerated at Georgia State Prison in Reidsville, Georgia, his Eighth, Fourteen, and Thirteenth Amendment rights were violated. Plaintiff states that he was denied yard call because he had been given library time that same day. He asserts that Officer Mobley wrote it up that Plaintiff had "refused" yard call. After Plaintiff protested by calling Officer Mobley an "ass whole", Officer Mobley refused Plaintiff yard call for two weeks; thereupon, Plaintiff called the officer a "wankster". Later, Plaintiff alleges Officers Mobley, Strickland, and an officer he only knows as "Spark Plug" beat him, injuring his right ear, shoulder, and elbow.

Plaintiff has not shown that he was in imminent danger of serious physical injury at the time he filed his Complaint. Plaintiff is currently incarcerated at a federal facility in Jesup, Georgia, and is no longer incarcerated at Georgia State Prison. Plaintiff's request to proceed in forma pauperis is **DENIED**, and this case should be **DISMISSED**, without prejudice. If Plaintiff wishes to proceed with this action, he should be required to resubmit his complaint along with the full $350.00 filing fee.

**SO ORDERED** and **REPORTED** and **RECOMMENDED**, this _14th_ day of May, 2007.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

3